D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

RONALD FILOCOMO,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-2704 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Ronald Filocomo ("Filocomo"), appearing *pro se*, brings this petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2255. (Am. Pet. (Docket Entry # 5) at 1.) Filocomo

asserts claims of actual innocence and ineffective assistance of counsel. For the following

reasons, the petition is denied.

## I.    BACKGROUND

On March 15, 2004, Filocomo pleaded guilty to racketeering conspiracy under 18 U.S.C.

§ 1961. (See Mem. in Opp. Ex. B (Docket Entry # 11).) The racketeering acts to which he

pleaded guilty were (1) conspiring to murder and murdering Michael "Mikey Bear" Aiello

("Aiello") in violation of New York Penal Law §§ 125.25(1), 105.15, and 20.0; (2) conspiring to

murder and murdering Dominick "Sonny Black" Napolitano in violation of New York Penal

Law §§ 125.25(1), 105.15, and 20.0; and (3) directing and owning an illegal gambling business

in violation of 18 U.S.C. §§ 1955 and 2. (See id. Ex. A.)

On March 25, 2005, this court sentenced Filocomo to 240 months imprisonment followed

by 5 years of supervised release. (See id. Ex. C.) Filocomo subsequently appealed his sentence

on the grounds that his sentence of imprisonment should have included a parole eligibility term.

(See id. Ex. D.) On December 7, 2005, the Second Circuit dismissed the appeal because

Filocomo "knowingly and voluntarily waived his right to appeal" and because "the sentence was not based on a constitutionally impermissible factor." (Id. at 1.) Filocomo petitioned for a writ of certiorari to the Supreme Court of the United States, which the Supreme Court denied on April 11, 2006. See Filocomo v. United States, 547 U.S. 1061 (2006).

While Filocomo was in prison, a fellow inmate gave him a November 22, 2004 New York Daily News article in which an unnamed source said that, despite being shot multiple times, "[s]omehow Mikey Bear survived." (Id.) Understanding this to mean that Aiello may have still been alive, Filocomo hired a private investigator to track him down. (Id.) The investigator provided Filocomo with a docket sheet showing that someone named Michael Aiello was charged with bank fraud in the District of Connecticut in 2003.[1] At some point during his incarceration, although it is unclear when, Filocomo allegedly "learned that . . . Joey Massino [("Massino")], the former boss of the Bonnano crime family . . . has informed the government . . . that [Filocomo] had no involvement in the illegal gambling . . . to which [he] pleaded guilty." (Id. at 6.)

By letter addressed to this court, Filocomo moved to vacate his sentence and conviction pursuant to § 2255 on June 26, 2007 ("2255 Letter"). (2255 Letter (Docket Entry # 933).) Filocomo subsequently filed a formal § 2255 petition (Docket Entry # 1), then an amended § 2255 petition. (See Am. Pet.) In the amended petition, he claims that the newspaper article, the docket sheet, and Massino's alleged statement are "newly discovered evidence [that] demonstrates he is actually innocent of the . . . murder of Michael 'Mickey Bear' Aiello" and the owning and operation of an illegal gambling business. (Id. at 4-5.)

---

[1] This is not the same "Michael Aiello" that Filocomo pleaded guilty to murdering. This Michael Aiello was born in 1983, two years after Aiello was killed.

## II.  DISCUSSION

Section 2255 permits prisoners to seek collateral review of a federal conviction or sentence that was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  Petitions under § 2255 are subject to a one-year statute of limitations that runs, most generously to Filocomo, from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).  Filocomo argues that his petition is timely because the docket sheet and newspaper article provide facts that support his claim, and because he did not learned of them until 2007. (Am. Pet. at 4.)  However, the docket sheet and the article were publicly available in 2003 and 2004, respectively.  (Mem. in Opp. at 9.)  Filocomo could have easily discovered them with the exercise of due diligence several years before his judgment became final; consequently, they do not render his petition timely.  The other "new evidence" Filocomo presents is his entirely unsubstantiated assertion that Massino told the Government that Filocomo was not involved with an illegal gambling operation.[2]  Filocomo makes no attempt to show that this alleged evidence was only discoverable on or after June 26, 2006, one year before he submitted his § 2255 Letter. His petition, therefore, is time-barred.

## III.  CONCLUSION

For the above reasons, Filocomo's petition is DENIED.     Because Filocomo has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not

---

[2] It is unclear how Massino's alleged revelation could possibly negate Filocomo's own sworn admission at allocution that he "knowingly and intentionally conduct[ed], manag[ed], finance[d], supervise[d], and direct[ed] or own[ed] all or part of [an] illegal gambling business."  (Mem. in Opp. Ex. B.)

be taken in good faith and therefore in forma pauperis status is denied for purpose of any appeal.

Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      December 17, 2010

NICHOLAS G. GARAUFIS
United States District Judge